**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV626-032 |
| | ) | |
| JEFFREY BREWER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Brown filed this 42 U.S.C. § 1983 action alleging that he was attacked by another inmate while incarcerated in 2024. *See generally* doc. 1. He did not pay the filing fee or request to proceed *in forma pauperis* and the Clerk notified him of the deficiency. *See* doc. 2. He timely responded to the Clerk's Notice and requested to proceed *in forma pauperis*. Doc. 3. As discussed below, the fact that he has sufficient funds to pay the filing fee precludes authorization to proceed *in forma pauperis*. His request to proceed *in forma pauperis* should, therefore, be **DENIED**. [1] Doc. 3.

---

[1]  If Plaintiff believes the Court has misconstrued his financial situation, his opportunity to object to this Report and Recommendation, discussed below, provides him an opportunity to clarify it. He is reminded that any submission regarding his finances must be truthful. To the extent that he wishes to clarify his financial

1

Brown's application to proceed *in forma pauperis* discloses that he is employed and his take-home pay is $515.59 per week. Doc. 3 at 1. His monthly income, therefore, is $2,062.36. He discloses $495.00 in monthly expenses. *Id.* at 2. It, therefore, appears that he has over $1,500 per month in discretionary income. Finally, he discloses $ 500 in available funds, in cash or in a checking or savings account. *Id.* Although he discloses that he is saving a portion of his income to secure more stable residence, *id.*, the amount of his available funds and discretionary income preclude authorization to proceed *in forma pauperis.*

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the

---

condition, he is **DIRECTED** to complete Form AO 239 (Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)). The Clerk is **DIRECTED** to send Plaintiff a blank copy of Form AO 239 with this Report and Recommendation for his convenience. To the extent that he wishes to amend any of his prior disclosures, he must also explain why he did not fully or accurately disclose the information on his prior application. If Plaintiff contends that he could pay the filing fee in installments, he is also free to request such an accommodation. *See, e.g., Dean v. JRK Holdings*, 2022 WL 16558428, at *1 (S.D. Ga. Oct. 31, 2022).

Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Accordingly, his application to proceed *in forma pauperis* should be **DENIED**. Doc. 3. Should the assigned district judge agree with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee. *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 1st day of July, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4